UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert Williams and Bobby & Steve's Holdings, LLC, a Minnesota limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>Steven Anderson, Jeffrey Bahe, and B&A Enterprises, LLC, a Minnesota limited liability company,<br><br>Defendants. | No.:<br><br>**COMPLAINT** |

Robert Williams and Bobby & Steve's Holdings, LLC (collectively, "Plaintiffs"), as and for their Complaint against Steven Anderson, Jeffrey Bahe, and B&A Enterprises, LLC (collectively, "Defendants") state and allege as follows:

## PARTIES

1. Robert ("Bobby") Williams is a Minnesota resident who resides at 4047 Cleveland St. NE, Colombia Heights, Minnesota 55421. Williams is the founder, and the "Bobby" of the well-known convenience store and service station brand, "Bobby & Steve's Auto World," located throughout the Twin Cities metropolitan area. Williams is also the majority member of Bobby & Steve's Holdings, LLC, owning at least 63.66% of its outstanding membership units.

2. Bobby & Steve's Holdings, LLC ("Bobby & Steve's Holdings") is a Minnesota limited liability company with a registered address of 7920 France Avenue

South, Bloomington, Minnesota 55435. Bobby & Steve's Holdings owns certain intellectual property associated with the "Bobby & Steve's Auto World" brand, and licenses that intellectual property to the individual service stations, and contracts to provide various marketing, administrative, and support services to various "Bobby & Steve's Auto World" service stations.

3. Steven Anderson is a Minnesota resident who resides at 100 Brentwood Avenue, Tonka Bay, Minnesota 55331. Anderson is a co-founder of "Bobby & Steve's Auto World." Anderson is also a minority member of Bobby & Steve's Holdings, LLC.

4. Jeffrey Bahe is a Minnesota resident who resides at 11710 Normandale Blvd., Bloomington, Minnesota 55437. Bahe is a co-owner of certain "Bobby & Steve's Auto World" service stations.

5. B&A Enterprises, LLC ("B&A") is a Minnesota limited liability company located at 100 Brentwood Avenue, Tonka Bay, Minnesota 55331. Upon information and belief, Anderson and Bahe are the members of B&A.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the claims asserted in this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338, and 1367. The claims alleged in this Complaint arise under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and Minnesota statutory and common law.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the conduct that forms the basis of the claims occurred in whole or in part in this judicial district.

## FACTS

### I. Williams Co-Founds "Bobby & Steve's Auto World" and Grows the Brand.

8. On or about September 30, 1996, Williams and Anderson opened the first "Bobby & Steve's Auto World," located in Bloomington, Minnesota.

9. At all times since October 1996, Williams has used the phrase "Bobby & Steve's Auto World" in commerce with respect to automobile service stations, car washes, convenience stores, towing, and restaurant services associated with the service stations in which he has been involved as an owner and operator.

10. Today, eight (8) service stations operate under the "Bobby & Steve's Auto World" trade name in the Twin Cities metropolitan area.

11. Each "Bobby & Steve's Auto World" is a separate limited partnership with varying ownership structures.

12. Williams has a direct or indirect ownership interest in all eight (8) of the service stations; Anderson has a direct or indirect ownership interest in four (4) of the service stations; and Bahe has an ownership interest in two (2) of the service stations.

### II. Bobby and Steve's Holdings is Formed and Registers Trademarks.

13. In 2009, Williams, Anderson, and Williams' late son, Steve Williams, formed Bobby & Steve's Holdings.

14. On May 22, 2009, Bobby & Steve's Holdings filed a trademark application to federally register its Bobby and Steve's Auto World® mark.

15. On December 22, 2009, the United States Patent and Trademark Office issued Bobby & Steve's Holdings registration number 3,728,001 for the Bobby and Steve's

Auto World® mark. A true and correct copy of the registration is attached hereto as **Exhibit A** and is incorporated herein by reference.

16. On or about March 7, 2012, Bobby & Steve's Holdings filed a second trademark application, this time to federally register its Gas With Class® mark—a phrase that the "Bobby & Steve's Auto World" service stations had used in commerce since May 2002.

17. On or about April 30, 2012, the United States Patent and Trademark Office issued Bobby & Steve's Holdings registration number 4,326,914 for the Gas With Class® mark. A true and correct copy of the registration is attached hereto as **Exhibit B** and is incorporated herein by reference.

18. Bobby & Steve's Holdings licenses the rights to use the Bobby and Steve's Auto World® mark and the Gas With Class® mark to the various "Bobby & Steve's Auto World" service stations located in the Twin Cities metropolitan area. These service stations also receive permission to use the distinctive "Bobby & Steve's Auto World" logo and signage.

19. These marks and logos have become well-known throughout the Twin Cities metropolitan area and have significant value.

20. Bobby & Steve's Holdings also contracts to provide each "Bobby & Steve's Auto World" service station with employment services, payroll, marketing, and other support services.

21. In exchange for these services, the various "Bobby & Steve's Auto World" licensed service stations pay a fee to Bobby & Steve's Holdings in the form of a percentage of their respective non-gasoline revenue.

### III. Defendants Form Competing Enterprise, Usurp Business Opportunities, and Infringe on Trademarks.

22. In early 2016, Williams, Anderson, Bahe, and Williams' late son collectively agreed that they should open a "Bobby & Steve's Auto World" service station in Maple Grove, Minnesota.

23. Williams, Anderson, Bahe, and Williams' late son entered into negotiations with the owner of specific real estate in Maple Grove (the "Maple Grove Property"). Anderson was primarily responsible for the negotiations.

24. Thereafter, Williams, Anderson, Bahe, and Williams' late son entered into a letter of intent to purchase the Maple Grove Property for purposes of potentially opening an eighth "Bobby & Steve's Auto World" service station.

25. Prior to entering into a purchase agreement, however, the owner of the Maple Grove Property entered into a purchase agreement with a competitor of "Bobby & Steve's Auto World."

26. Following the property owner's cancellation of the letter of intent, Williams expressed frustration with Anderson, who Williams believed should have procured a purchase agreement, rather than a letter of intent.

27. Subsequently, the Maple Grove Property owner's negotiations with the competitor fell through.

28. Thereafter, the owner again approached Anderson about the possibility of "Bobby & Steve's Auto World" opening a location in Maple Grove. This time, however, Anderson and Bahe decided to pursue the business opportunity without Williams or his son.

29. At that time, Anderson and Bahe knew, or should have known, that Williams remained interested in the Maple Grove business opportunity.

30. Anderson and Bahe, however, did not inform Williams of the renewed opportunity to acquire the Maple Grove Property. Likewise, Anderson and Bahe did not invite Williams to participate in the potential acquisition.

31. In June 2016, Anderson and Bahe formed B&A.

32. Upon information and belief, B&A then acquired the Maple Grove Property.

33. In and after 2016, B&A submitted plans and other documents to the City of Maple Grove for purposes of developing a new service station on the Maple Grove Property. In doing so, B&A referred to the new project as "The Grove Service Station."

34. Anderson and Bahe did not inform Williams of any of these actions.

35. Between June 2016 and the present, Anderson and Bahe have used the employees, services, and resources of Bobby & Steve's Holdings to advance their personal interests in "The Grove Service Station."

36. Among other things, Anderson and Bahe have advertised the arrival of the new Maple Grove "Bobby & Steve's Auto World" location on the Bobby & Steve website: https://bobbyandstevesautoworld.com/.

37. Anderson and Bahe have also utilized the employees of Bobby & Steve's Holdings to advance the interests of their Maple Grove operation. For example, Anderson has instructed the human resources director to set up payroll support and arrange for health insurance coverage for B&A employees. Anderson instructed the director of automotive services to meet with vendors (such as tire distributors) to negotiate agreements and rebates on behalf of B&A. Anderson has caused the director of retail services to meet with vendors and procure in-store products for the retail and convenience store portions of the Maple Grove facility. And Anderson has also utilized the information technology resources of Bobby & Steve's Holdings, to set up computers and utilize the Bobby & Steve's Auto World software system at the Maple Grove facility.

38. Each of these actions has imposed material cost on Bobby & Steve's Holdings.

39. Anderson, Bahe, and B&A have marketed the new Maple Grove facility as a "Bobby & Steve's Auto World" service station. True and correct copies of social media posts announcing the imminent opening of a new "Bobby & Steve's Auto World" service station in Maple Grove are attached hereto as **Exhibit C** and are incorporated herein by reference.

40. Anderson, Bahe, and B&A have also procured and displayed signage for the new service station that prominently represents that it will be a "Bobby & Steve's Auto World" station and utilizes the distinctive "Bobby & Steve's Auto World" logo and design.

41. Upon information and belief, Anderson, Bahe, and B&A intend to continue to use the Bobby and Steve's Auto World® and Gas With Class® marks to market and promote their Maple Grove service station using these marks.

42. Upon information and belief, Anderson and Bahe have used the employees, resources, and finances of Bobby & Steve's Holdings to advance these various promotional and marketing activities.

43. Anderson, Bahe, and B&A have not obtained the approval of Bobby & Steve's Holdings, or its majority member, Williams, to take these actions.

44. Anderson, Bahe, and B&A have not entered into any agreements with Bobby & Steve's Holdings to permit the Maple Grove service station to utilize the employment services, payroll, marketing, and other support services offered by Bobby & Steve's Holdings.

45. Anderson, Bahe, and B&A have not reimbursed Bobby and Steve's Holdings, or compensated Bobby & Steve's Holdings in any way for the valuable services they have received from it.

46. Moreover, B&A has not obtained a license, or entered into any other agreement with Bobby & Steve's Holdings that would permit it to use the Bobby and Steve's Auto World® and Gas With Class® marks for the Maple Grove facility.

47. Upon information and belief, Anderson, Bahe, and B&A began performing automobile repair and other services at the Maple Grove facility under the name "Bobby & Steve's Auto World" despite the fact that the City of Maple Grove had not yet issued a certificate of occupancy for the Maple Grove facility.

48. Conducting business operations without a certificate of occupancy is a violation of law. Moreover, taking such actions while purporting to operate as a "Bobby & Steve's Auto World" service station damages the good will and reputation associated with the Bobby and Steve's Auto World® and Gas With Class® marks.

49. On March 16, 2018, Defendants open the convenience store and, on information and belief, began selling gasoline and other products and services at the Maple Grove location.

50. Despite the fact that Defendants have no right or authority to use the Bobby and Steve's Auto World® and Gas With Class® marks, related logos and signage, or any other property owned by Bobby & Steve's Holdings, Defendants began using the Bobby and Steve's Auto World® mark and other property of Bobby & Steve's Holdings to advertise, market and promote their business immediately upon opening the Maple Grove location.

51. On information and belief, Defendants intend to continue illegally using the Bobby and Steve's Auto World® and Gas With Class® marks, related logos and signage, and/or other Bobby & Steve's Holdings property in connection with their business.

52. The opening of the retail and gasoline operations of the service station will dramatically increase the customer volume and publicity of the service station.

53. Upon information and belief, Anderson, Bahe, and B&A intend to continue to operate the Maple Grove facility as a "Bobby & Steve's Auto World" service station despite the fact that they have no agreement or other right to utilize the Bobby and Steve's Auto World® and Gas With Class® marks.

## Count I
## Trademark Infringement
### (Lanham Act § 32, 15 U.S.C. § 1114)

54. Plaintiffs restate and incorporate by reference the allegations set forth above.

55. Defendants' unauthorized use of the Bobby and Steve's Auto World® and Gas With Class® marks in connection with their Maple Grove service station is certain to cause confusion, cause mistake, and deceive as to the affiliation, connection, or association of The Grove Service Station with Bobby and Steve's Auto World as to the origin, sponsorship, or approval of The Grove Service Station products and services by Bobby and Steve's Auto World and/or Bobby and Steve's Holdings. This unauthorized use constitutes trademark infringement under 15 U.S.C. § 1114.

56. Defendants' unlawful actions have caused, and will continue to cause, Bobby and Steve's Holdings irreparable harm unless enjoined.

57. Defendants have profited from their unlawful actions and have been unjustly enriched to the detriment of Bobby and Steve's Holdings. Defendants' unlawful actions have caused Bobby and Steve's Holdings monetary damage in an amount presently unknown, but in an amount to be determined at trial.

## COUNT II
## Federal Unfair Competition
### (Lanham Act § 43(a); 15 U.S.C. § 1125(a)).

58. Plaintiffs restate and incorporate by reference the allegations set forth above.

59. Defendants' unauthorized use of the Bobby and Steve's Auto World® and Gas With Class® marks and related logos and signage in connection with an automobile

10

service station is a false designation of origin, false or misleading description of fact, and a false or misleading representation of fact.

60. Defendants' unauthorized use of the Bobby and Steve's Auto World® and Gas With Class® marks and related logos and signage in connection with an automobile service station is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants' service station with Bobby and Steve's Auto World and/or Bobby & Steve's Holdings, or as to the origin, sponsorship, or approval of Defendants' service station or commercial activities by Bobby and Steve's Auto World and/or Bobby & Steve's Holdings.

61. Defendants' unlawful actions have caused, and will continue to cause, Plaintiffs irreparable harm unless enjoined.

62. Defendants have profited from their unlawful actions and have been unjustly enriched to the detriment of Plaintiffs. Defendants' unlawful actions have caused Plaintiffs monetary damage in an amount presently unknown, but in an amount to be determined at trial.

### COUNT III
### Common Law Unfair Competition.

63. Plaintiffs restate and incorporate by reference the allegations set forth above.

64. Defendants' unauthorized use of Bobby and Steve's Auto World® and Gas With Class® marks and related logos and signage in connection with an automobile service station is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants' service station with Bobby and Steve's Auto

World and/or Bobby & Steve's Holdings, or as to the origin, sponsorship, or approval of Defendants' service station or commercial activities by Bobby and Steve's Auto World and/or Bobby & Steve's Holdings and constitutes common law unfair competition under Minnesota state law.

65. Defendants' unlawful actions have caused, and will continue to cause, Plaintiffs irreparable harm unless enjoined.

66. Defendants have profited from their unlawful actions and have been unjustly enriched to the detriment of Plaintiffs. Defendants' unlawful actions have caused Plaintiffs monetary damage in an amount presently unknown, but in an amount to be determined at trial.

## COUNT IV
### Violation of Minnesota Deceptive Trade Practices Act
(MINN. STAT. § 325D.44, *et seq.*)

67. Plaintiffs restate and incorporate by reference the allegations set forth above.

68. Defendants' unauthorized use of the Bobby and Steve's Auto World® and Gas With Class® marks and related logos and signage in connection with an automobile service station is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants' service station with Bobby and Steve's Auto World and/or Bobby & Steve's Holdings, or as to the origin, sponsorship, or approval of Defendants' service station or commercial activities by Bobby and Steve's Auto World and/or Bobby & Steve's Holdings and constitutes unfair and deceptive trade practices under the Deceptive Trade Practices Act of the State of Minnesota.

69. Defendants' unlawful actions have caused, and will continue to cause, Plaintiffs irreparable harm unless enjoined.

70. Defendants have profited from their unlawful actions and have been unjustly enriched to the detriment of Plaintiffs. Defendants' unlawful actions have caused Plaintiffs monetary damage in an amount presently unknown, but in an amount to be determined at trial.

## COUNT V
## Breach of Fiduciary Duty

71. Plaintiffs restate and incorporate by reference the allegations set forth above.

72. As co-members in multiple closely held companies, Anderson and Bahe owe various fiduciary duties to Williams including, but not limited to, duties of loyalty, duties to act in an open, honest, and fair manner, and duties to refrain from self-dealing.

73. For the reasons set forth in this Complaint, Anderson and Bahe have breached their fiduciary duties to Williams by, among other things, usurping common business opportunities, engaging in self-dealing, acting dishonestly, and wasting the corporate assets of Bobby & Steve's Holdings.

74. As a direct and proximate result of Anderson and Bahe's breaches of their fiduciary duties, Plaintiffs have suffered, or will suffer, irreparable harm, including, but not limited to, damage to the good will and business reputation associated with the Bobby and Steve's Auto World brand, as well as monetary damages in an amount to be established at trial.

75. As a result of Anderson and Bahe's breaches of their fiduciary duties, and under the principles of equity and common law, Plaintiffs are entitled to immediate relief enjoining their further wrongful competition, infringement, and unlawful actions, and monetary damages in an amount to be established at trial.

**WHEREFORE**, Plaintiffs request that the Court enter judgment:

1. In favor of Plaintiffs and against Defendants on all of Plaintiffs' claims;

2. Permanently enjoining and restraining Defendants from:

    a. Doing business under the name Bobby and Steve's Auto World or any other confusingly similar name, without the express agreement of Bobby and Steve's Holdings;

    b. Using the Bobby and Steve's Auto World® and Gas With Class® marks and related logos and signage, or any confusingly similar designation, as a trademark, trade name component or otherwise, to market, advertise, or identify goods and services without the express agreement of Bobby and Steve's Holdings;

    c. Unfairly competing with Plaintiffs in any manner whatsoever;

    d. Causing likelihood of confusion or injury to business reputation or the distinctiveness of the Bobby and Steve's Auto World® and Gas With Class® marks owned by Bobby and Steve's Holdings; and

    e. Committing any other act that infringes Bobby and Steve's Holdings' marks or constitutes an act of trademark or service mark infringement,

contributory infringement, or unfair competition under federal common law or Minnesota state law.

3. Requiring Defendants to account for and pay over to Bobby and Steve's Holdings damages pursuant to 15 U.S.C. § 1117;

4. Requiring Defendants to account for and pay over to Bobby and Steve's Holdings the amount of Defendants' profits from the Maple Grove service station pursuant to 15 U.S.C. § 1117;

5. Requiring Defendants to account for and pay over to Bobby and Steve's Holdings the costs of the action pursuant to 15 U.S.C. § 1117;

6. Finding this case is exceptional and trebling any damage award pursuant to 15 U.S.C. § 1117;

7. Finding this case exceptional and requiring Defendants to pay over to Bobby and Steve's Holdings its attorneys' fees incurred in connection with this case pursuant to 15 U.S.C. § 1117;

8. Requiring Defendants to account for and pay over to Plaintiffs the amount of Plaintiffs' damages, together with costs and disbursements, including costs of investigation and reasonable attorneys' fees pursuant to Minn. Stat. 8.31 subd. 3a;

9. Awarding Williams a money judgment associated with Defendants' breaches of fiduciary duties;

10. Awarding Plaintiffs their costs, fees, and disbursements associated with bringing this action; and

11. Awarding Plaintiffs such other relief as the Court may deem just and equitable.

## JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable.

Dated: March 16, 2018      WINTHROP & WEINSTINE, P.A.

              By: /s Michael E. Obermueller
                 Michael E. Obermueller, #031772
                 Gerald H. Fornwald, #345647

                225 South Sixth Street
                Suite 3500
                Minneapolis, Minnesota 55402
                (612) 604-6400
                mobermueller@winthrop.com
                gfornwald@winthrop.com

                **Attorneys for Plaintiffs**

15136659v3